East'n District.
June, 1823.

BRYANS & AL. vs. DUNSETH & AL.

BRYANS & AL.
vs.
DUNSETH & AL

*If the general issue, and satisfaction be pleaded, the former will be considered as waved.*

*An attachment lies against a non-resident although he be in the state at the time it is sued out.*

*If judgment has been given against one of the co-partners in a sister state, and the plaintiff sues another partner in this, he cannot recover but on terms.*

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court.    In this case, (which is a suit by attachment,) the plaintiffs set forth in their petition, as a cause of action, the sale and delivery to the defendants, of certain goods, &c. in the city of Philadelphia, on the 2d. day of October, 1817, to the value of nine hundred forty nine dollars and fifty two cents, on a credit of six months.

The answer of the defendants contains a denial of the allegations made by the petitioners; and also a plea of satisfaction, discharge or payment. evidenced by a judgment obtained in the state of Ohio, against Dunseth, a partner of the firm of Dunseth & Buckner; the principal defendant in this case ; rendered on a note of hand, given by said firm, to the plaintiffs for the same debt which is now sued for ; on which judgment, execution issued, and was levied on the property of Dunseth.

Judgment was given, in the court below, for the plaintiffs, from which the defendants appealed.    A bill of exceptions was taken to the admissibility of the record from the state of

East'n District.
*June*, 1823.

BRYANS & AL
*vs.*
DUNSETH & AL

Ohio; but is now abandoned. The denial or general issue in the answer, being inconsistent with the plea of satisfaction, must be considered as waved by the latter, and the debt, consequently acknowledged to have been created, as alleged in the petition; but evidenced by a promissory note, executed at the time of receiving the goods, which were the consideration of said promise.

Dunseth & Buckner, it appears, were partners in commerce, at the time they purchased the merchandize from the appellees, and executed their note for the price. They are, therefore, according to the *lex mercatoria* bound to the latter in *solidum*, whether their obligation be considered as arising out of the original contract of sale, or from their promissory note; and may be sued either jointly or severally.

The contract, which is the foundation of the present suit, being made in Pennsylvania, is subject to be governed by the laws of that state; and we have it evidenced that the common law of England prevails there as the basis of its jurisprudence. According to this law, parol and simple contracts in writing, in relation to evidence, are put on the same footing. And a note in writing, without a seal, being con-

East'n District.
June, 1823.

BRYANS & AL.
vs.
DUNSETH & AL

sidered as no better evidence of a debt, than parol proof of a promise, or of such facts, on which a legal assumpsit, will be presumed. Our laws on the subject of judicial proceedings, require that a plaintiff should plainly and substantially set out his cause of action. The cause of action in the present case, is the price of the goods sold and delivered by the plaintiffs, to the defendants, on a credit of six months, on which a promise to pay at the expiration of that term, would be implied, on proof of such sale and delivery. By the laws of the country, where the contract was made, this implied promise does not merge in a simple written agreement or promise : It is merely evidence of the original debt, of the same dignity with parol proof ; and the latter species of testimony, cannot be rejected on account of inferiority. The evidence against the defendants is judicial, and extrajudicial confessions. The answer admits the debt, but shews that it was evidenced by a promissory note, on which judgment had been obtained in the state of Ohio, and execution thereon issued against the property of a co-partner. Breedlove, the only witness in the case, proves the acknowledgment of Buckner, that a debt similar to the one

now claimed, was contracted by Dunseth and
himself, as partners in trade, with the plaintiffs; but says nothing about any promise in writing to pay it. We are of opinion, that the strongest evidence, in support of the petition, is the answer of the defendants, which must be taken entire. And although the record of the proceedings in the state of Ohio against the partner does not shew any payment or satisfaction of the debt for which he is equally bound and liable to be separately sued on account thereof. Yet, as it does appear that a promissory note was given for the same debt, and as said note might be withdrawn from the court in which judgment has been rendered against Dunseth, and be made the basis of an action against his partner; to which the present recovery in the district court, could with difficulty be pleaded at the bar; we deem it our duty in deciding the cause; to provide against the possibility of the appellants being again harassed for the same cause of action. Something of the same kind is attempted in the judgment of the court below; which is objected to by the appellees, in the answer on the appeal, and which we consider not equal to meet the justice of the case.

East'n District.
June, 1823.

BRYANS & AL.
vs.
DUNSETH & AL

Before coming to a final decision, is necessary to notice an objection made by the counsel for the appellants, in his 6th and last point, to the legality of sustaining an attachment, when the defendant was within the jurisdiction of our courts, and might have been personally served with a citation, in the ordinary way of judicial proceeding. Perhaps this objection comes too late, being only made since the appeal. But in all events, we are of opinion that it cannot be supported.

Our attachment laws distinguish several cases in which an attachment will lie; and amongst them is the situation of a person who resides permanently out of the teritory or state. This remedy given in such terms, cannot be destroyed, annulled, or suspended by an accidental and transient presence of a stranger.

We do not consider the judgment of the district court incorrect in any thing, except that part of it which relates to the account which the plaintiffs are held to give, of the disposal of the property seized in execution under the judgment vs Dunseth; but as we are not satisfied with it in this respect, It is ordered, adjudged, and decreed, that the judgment of the court below, be avoided, annulled and re-

versed. And proceeding here, to give such judg-
ment as ought there to have been given,

It is further ordered, adjudged and decreed, that the plaintiffs do recover from the defendant Buckner, the sum of nine hundred and forty nine dollars, and fifty two cents, with interest thereon, at the rate of six per cent. per ann. from the 2d. of April, 1818, until paid. But they shall not have the benefit of this judgment, until they produce to the court below, the note of hand which is set forth in the answer of the defendant and cancel the same, and the appellees shall pay the costs of this appeal.

*Maybin* for the plaintiffs, *Hawkins* for he defendants.